UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTOINE D. COOK, | ) | CASE NO. 5:25-CV-984 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| SUMMIT COUNTY SHERIFF | ) | **OPINION AND ORDER** |
| KANDY FATHEREE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Antoine D. Cook ("Plaintiff") sued the Summit County Sheriff, two Deputy Sheriffs, three Ohio Adult Parole Authority ("OAPA") employees, and an Alcohol Tobacco and Firearm ("ATF") agent to contest his arrest and the search of a hotel room rented by his girlfriend. (Doc. 1 at 3.) He also filed a motion to proceed *in forma pauperis*. (Doc. 2.) For the reasons below, Plaintiff's motion for proceed *in forma pauperis* is GRANTED, and his Complaint is DISMISSED.

I.   BACKGROUND

On May 1, 2024, the Summit County Sheriff's Office received a call from the Comfort Inn in the City of Green, reporting that one of their guests was potentially involved in a physical altercation with her boyfriend. (Doc. 1 at 3.) When deputies arrived, the guest, Plaintiff's girlfriend, claimed Plaintiff smacked her in the face and threatened her. (*Id.*) Deputies went to Plaintiff's room to try to talk to him, but Plaintiff refused to allow deputies into the room. (*Id.*) From the doorway, Plaintiff denied smacking his girlfriend. (*Id.*) Deputies asked Plaintiff to

step out of the room where deputies searched and arrested him. (*Id.* at 3-4.) During the search, officers found a five-dollar bill with a white powder residue, which Plaintiff identified as methamphetamine. (*Id.* at 4; Doc. 1-1 at 7.)

Plaintiff was on supervised release at the time of his arrest. (Doc. 1-2.) While Plaintiff was in jail, his girlfriend contacted his Ohio Adult Parole Authority supervisor with Plaintiff's phone. (*Id.* at 8.) The OAPA officer met with the victim to obtain a statement and subsequently obtained her consent to search Plaintiff's phone. (*Id.*) The search revealed videos of Plaintiff with firearms and ammo. (*Id.*) Subsequently, the Summit County Sheriff's Office, joined by the OAPA and ATF agents, obtained consent from Plaintiff's girlfriend to search the hotel room and conducted the search. (*Id.*) Inside the room, the officers found a firearms, other weapons, and drugs with drug paraphernalia. (*Id.* at 9.)

Plaintiff was charged with one count of possession with intent to distribute methamphetamine, possession with intent to distribute cocaine, and felon in possession of ammunition. *See United States v. Cook*, No. 5:24-cr-00347 (N.D. Ohio, filed Sep. 19, 2024). On June 4, 2025, a jury returned a guilty verdict on all counts. The sentencing hearing is scheduled for September 10, 2025.

Plaintiff's Complaint does not list any legal claims. Based on notation and comment he wrote on the Sheriff's Field Case Report which he attached to his Complaint (Doc. 1-1 at 7), liberally construed, it appears he may be attempting to assert a claim under the Fourth Amendment for an illegal search.

## II.     LEGAL STANDARD

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment

generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  The Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true.  *Twombly*, 550 U.S. at 555.  A plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id*.  In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**III.    ANALYSIS**

Preliminarily, Plaintiff cannot collaterally attack his conviction in a civil rights action.  In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other

harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 Plaintiff must prove the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). A claim for damages bearing a relationship to a conviction or sentence that has not been invalidated is not cognizable under § 1983. *Id.* at 487. Therefore, when a prisoner seeks damages in a § 1983 suit, the court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. *Id.* If it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated. *Id.* If, however, the court determines the plaintiff's claims, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit. *Id.*

Here, Plaintiff appears to challenge the legality of the search conducted of the hotel room rented by his girlfriend. That search led to the discovery of the ammunition and the drugs for which he was convicted of possessing. If he were successful in obtaining a favorable judgment on this claim, it would call into question the validity of his conviction. *See Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 377 (6th Cir. 2006) (affirming district court's finding that *Heck* barred Fourth Amendment § 1983 claim). Consequently, he cannot assert this claim in a civil rights action unless his conviction has been reversed or set aside. He has not been sentenced yet on the conviction and has not been able to file a direct appeal. This claim is premature.

IV. **CONCLUSION**

Plaintiff's Antoine Cook's motion to proceed *in forma pauperis* (Doc. 2) is GRANTED.

For the reasons stated above, this action is DISMISSED pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: July 18, 2025

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE