UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTOINE D. COOK, | ) | CASE NO. 5:25-CV-984 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| SUMMIT COUNTY SHERIFF | ) | **OPINION AND ORDER** |
| KANDY FATHEREE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is *pro se* Plaintiff Antoine Cook's ("Plaintiff") Motion for Reconsideration. (Doc. 6.) For the reasons herein, the motion is DENIED.

Plaintiff brought this civil rights action to contest his arrest and the search of a hotel room rented by his girlfriend. (Doc. 1.) Although the initial call to the Summit County Sheriff's Department was based on an allegation of domestic violence, the subsequent search of the hotel room yielded a shotgun box with ammunition, a scale, cocaine, and methamphetamine, which led to Plaintiff's arrest and conviction on federal drug and weapons charges. *See United States v. Cook*, No. 24-cr-00347 (N.D. Ohio filed Sept. 19, 2024). His sentencing hearing is scheduled for September 10, 2025. Because Plaintiff's challenge to the legality of the search would, if found to have merit, call into question the validity of his conviction, the Court dismissed this action pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). (Doc. 4.)

Plaintiff now moves for reconsideration of that Order.  (Doc. 6.)  A motion for reconsideration is construed as a Federal Civil Rule 59(e) motion to alter or amend judgment.  *Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990).   Motions to alter or amend judgments, filed under Fed. R. Civ. P. 59(e), are "entrusted to the court's sound discretion."  *Keweenaw Bay Indian Cmty. v. United States*, 940 F.Supp. 1139, 1140 (W.D. Mich. 1996) (citing *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)).  A court may grant a motion under Rule 59(e) "only if there was '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'"  *ACLU of Kent. v. McCreary Cnty.*, 607 F.3d 439, 450 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).  "A motion under Rule 59(e) is not an opportunity to re-argue a case."  *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citation omitted).

Plaintiff does not offer grounds for relief under Rule 59(e).  Instead, he filed his motion to reassert arguments he made in his complaint.  But a Rule 59(e) motion cannot be used to relitigate matters that were previously considered.  Because Plaintiff has failed to present a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice, his motion must be denied.  Plaintiff cannot pursue his § 1983 claims for damages because his claims are a collateral attack on his conviction and the searches conducted in his criminal case.  Thus, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and Plaintiff offers no argument to suggest his claims here would not "necessarily imply the invalidity of his conviction or sentence."  There was thus no clear error of law.  Plaintiff is not entitled to relief under Rule 59(e).

Plaintiff's Motion for Reconsideration (Doc. 6) is DENIED.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date:  September 12, 2025

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE